DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Wood County Court of Common Pleas which, following appellant's plea of guilty to the charge in the indictment, found appellant, Rinat Bulgakov, guilty of one count of unlawful sexual contact, a felony of the third degree, in violation of R.C. 2907.04. Appellant was sentenced on December 16, 2003, to two years incarceration and found to be a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant raises the following assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The trial court's failure to strictly comply with Ohio Criminal Rule 11 and R.C. § 2943.031 deprived defendantppellant deprived [sic] of due process law [sic] pursuant to Ohio [sic] and the United States Constitution.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "Defendant-appellant's as [sic] denied his constitutional right to be represented by competent counsel.
 {¶ 7} "Third Assignment of Error
 {¶ 8} "The trial court's determination that defendant-appellant is a sexual predator is not supported by clear and convincing evidence.
 {¶ 9} "Fourth Assignment of Errors [sic]
 {¶ 10} "The trial court erred when it ordered the defendant-appellant to pay `costs.'"
 {¶ 11} In his first assignment of error, appellant argues that the trial court failed to substantially comply with Crim.R. 11 and completely failed to adhere to the mandates ontained in R.C. 2943.031. Specifically, appellant argues that the transcript of appellant's plea hearing contains no mention of appellant's citizenship, although the plea form designates appellant's citizenship as Russian. Also, appellant asserts that the written guilty plea contains no mention of the possible, and probable, impact his conviction would have upon his status in the United States. The fact that appellant would likely be deported upon his release from prison was brought up during the sentencing hearing; however, appellant argues that he was never asked whether the risk of deportation affected his desire to maintain his guilty plea, or in light of the risk of deportation, if he wished to withdraw his plea.
 {¶ 12} Further, appellant argues that the trial court failed to inquire whether appellant could read or understand the English language. Appellant asserts that the record reflects that he could not understand everything that was said and that the trial court was aware of his difficulties understanding the proceedings. Based on these factors, appellant argues that he entered his guilty plea without a full and complete understanding of the possible consequences of the relinquishment of his constitutional rights, and, therefore, his guilty plea was not knowingly, voluntarily, and intelligently made, and violated his rights to due process.
 {¶ 13} Upon a thorough review of the record, we find that the trial court complied with the mandates of Crim.R. 11(C)(2)(a)-(c). In accordance with State v. Nero (1990), 56 Ohio St.3d 106 and State v.Ballard (1981), 66 Ohio St.2d 473, the trial court went through each of appellant's rights which he would be relinquishing by entering a plea of guilty. Appellant stated that he understood each of the rights and was willing to waive them. With respect to appellant's assertion that the trial court failed to inquire as to his ability to understand the English language, we find that based upon appellant's level of education and work experience, the trial court did not err in failing to inquire of appellant. In 1981, appellant graduated Bashkir State University in Russia with a degree in "The English Language and Literature", and was qualified as a translator. In 1995, appellant graduated from the University of Toledo with a master's degree in secondary education. From 1995-2000, appellant was employed by Toledo Public Schools as a substitute elementary school teacher. Moreover, but for seeking clarification and further explanation regarding the prosecutor's statement during arraignment that appellant's Maryland counsel would either be making an appearance pro hac vice or would be contacting an attorney in Cleveland to represent appellant, appellant never indicated that he could not understand what was being said by the trial court or counsel.
 {¶ 14} Appellant additionally argues that his conviction should be overturned due to the trial court's failure to advise him in accordance with R.C. 2943.031. R.C. 2943.031(A) states that prior to accepting a plea of guilty, the court shall address the defendant personally, provide the following advisement, and determine that the defendant understands the advisement:
 {¶ 15} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 16} In this case, although no mention was made by the trial court concerning the possibility that appellant may be facing deportation by entering a guilty plea, during arraignment, the prosecutor stated that "the defendant does face deportation." Also during arraignment, appellant stated that the issue of whether he would have to register as a sexual offender was not significant to him because he was "facing deportation." As such, we find appellant was aware of the fact that he was facing deportation.
 {¶ 17} Moreover, we find that "the exclusive remedy for an alleged violation of R.C. 2943.031(A) is a motion to withdraw the plea pursuant to R.C. 2943.031(D)." State v. Garmendia, 2d Dist. No. 2002-CA-18, 2003-Ohio-3769, at ¶ 2. R.C. 2943.031(D) states that "[u]pon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in [R.C. 2943.031(A)], the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." During sentencing, it was openly discussed that appellant had an Immigration Naturalization Service holder and that appellant would immediately be deported to Russia following any sentence the court imposed. Appellant, however, made no request before the trial court to withdraw his guilty plea. Accordingly, we find that appellant's claim is not cognizable on direct appeal.
 {¶ 18} Based on the foregoing, we find that the trial court substantially complied with Crim.R. 11 and that appellant was not deprived due process of law by the trial court's alleged failure to advise him of the possibility of deportation pursuant to R.C. 2943.031. We therefore find appellant's first assignment of error not well-taken.
 {¶ 19} In his second assignment of error, appellant argues that he was denied the right to effective assistance of counsel, in violation of hisSixth Amendment rights. Specifically, appellant asserts that his counsel's representation was deficient insofar as no inquiry was made regarding his ability to read and/or understand the English language, despite the fact that he is a foreign national. Although the record indicated that appellant is an educated individual, appellant asserts that his education does not establish that he clearly understands the English language or that he does so sufficiently to proceed without a translator. Appellant also argues that counsel was deficient in failing to address with him the fact that appellant's conviction would undoubtedly result in his deportation. Finally, appellant argues that counsel was deficient in failing to pursue a psychological report and evaluation regarding appellant's status as a sexual predator and, rather, simply agreed to the finding. Appellant asserts that he is prejudiced by being classified a sexual predator because it could prevent him from ever being permitted to legally return to the United States.
 {¶ 20} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. Statev. Lytle (1976), 48 Ohio St.2d 391; State v. Hamblin (1988),37 Ohio St.3d 153. The United States Supreme Court, in Strickland v.Washington (1984), 466 U.S. 668, 686, set forth a two-part test for reviewing claims of ineffectiveness:
 {¶ 21} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 {¶ 22} The United States Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Id. Specifically, to establish ineffectiveness, appellant must show that, but for counsel's deficient performance, there is a reasonable probability the result of the trial would have been different. Id.
 {¶ 23} With respect to appellant's assertion that the trial court failed to inquire regarding his ability to read and understand the English language, we find that based on appellant's level of education in studying English, his qualification as a translator, his receipt of a master's degree in secondary education from the University of Toledo, and his work experience, appellant failed to establish that counsel's performance was deficient in failing to address potential language barriers with the trial court.
 {¶ 24} Appellant also argues that counsel was deficient in failing to address with him the fact that appellant's conviction would undoubtedly result in his deportation. First, we find that appellant's counsel stated on the record that he had explained all of appellant's rights to him with respect to him entering a guilty plea. As such, any evidence to the contrary would have to be submitted pursuant to evidence dehors the record, which can only be accomplished by way of a motion for postconviction relief. Second, we note that the duty to notify appellant regarding the potential for deportation belongs to the trial court, not counsel, pursuant to R.C. 2943.031. Third, appellant knew that he was an illegal alien in the United States and, based on his own statements, acknowledged at arraignment that he was aware that he was facing potential deportation. For these reasons, we find that appellant failed to establish that counsel's performance was deficient in failing to inform appellant of the potential for deportation.
 {¶ 25} Appellant further argues that counsel was deficient in failing to pursue a psychological report and evaluation regarding appellant's status as a sexual predator and, rather, simply agreed to the finding. At appellant's sentencing, as a result of appellant being convicted of a sexually oriented offense, the trial court began the sexual offender classification hearing. The following colloquy occurred:
 {¶ 26} COUNSEL FOR APPELLANT: "Your Honor, in speaking to [appellant], I've explain[ed] the general parameters of the classification requirement, and I'm taking a leap of faith, but I'm assuming that Russia probably doesn't have a full faith and credit with reporting requirements as other states would, and the fact that [appellant] would be deported and that the classification requirement would only relate to his presence within the United States, he would not be putting the State on a burden of going forward with testimony, and we would submit simply upon [the prosecutor's] recitation of that certain factors apply to any finding under those factors."
 {¶ 27} THE COURT: "Okay. Inquire of your client with respect to that."
 {¶ 28} COUNSEL: "Yes, Your Honor."
 {¶ 29} THE COURT: "Waiving of that hearing, Mr. Bulgakov, you understand that you have the right to have a full hearing?"
 {¶ 30} APPELLANT: "Yes."
 {¶ 31} THE COURT: "And at which time witnesses would be required to testify and be subject to cross examination, including perhaps expert witnesses regarding whether or not you would be classified as a sexual predator; you understand that?"
 {¶ 32} APPELLANT: "Uh-huh, yes, sir."
 {¶ 33} THE COURT: "And your counsel has told me that rather than going through all that, it's your wish today to waive that kind of a hearing?"
 {¶ 34} APPELLANT: "Yes."
 {¶ 35} THE COURT: "And to agree with the statement?"
 {¶ 36} APPELLANT: "Yes."
 {¶ 37} THE COURT: "As given by [the prosecutor], is that correct?"
 {¶ 38} APPELLANT: "Yes."
 {¶ 39} A sexual offender classification proceeding is civil in nature, rather than criminal. As such, when determining the validity of a waiver of a sexually offender classification hearing, this court has held that "[i]t is sufficient that the trial court satisfied itself that a party to a sexual offender classification procedure is aware of the potential consequence of his or her waiver and is acting without coercion." State v. Jordan, 6th Dist. No. L-02-1270, 2003-Ohio-3428, ¶ 26. We find that the colloquy conducted by the trial court in this matter was sufficient to meet this standard.
 {¶ 40} As was the case in Jordan, were this a criminal matter, appellant's waiver of the hearing would have been equivalent to a guilty plea. Since, at this time he entered the waiver, he was aware of all of the things he now claims constitute ineffective assistance of counsel, he cannot complain of counsel's deficiency on these bases. As such, we find that appellant failed to establish that counsel's performance was deficient with respect to appellant's waiver of his right to a sexual offender classification hearing.
 {¶ 41} Based on the foregoing, we find that appellant failed to meet his burden under Strickland and, therefore, failed to establish that he was denied the effective assistance of counsel. As such, we find appellant's second assignment of error not welltaken.
 {¶ 42} In his third assignment of error, appellant argues that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence. In particular, appellant argues that the trial court failed to conduct a sexual offender classification hearing prior to sentencing. Appellant also argues that, although the nature of the conviction and the information before the trial court clearly satisfied the first prong of R.C. 2950.01(E), there was no evidence presented that appellant was "likely to engage in the future in one or more sexually oriented offenses." As such, appellant asserts that the trial court's finding was erroneous.
 {¶ 43} Initially, we find that appellant waived his right to have the trial court conduct a sexual offender classification hearing and, as such, cannot complain on appeal that the trial court erred in failing to conduct such a hearing. Nevertheless, appellant asserts that the statement provided by the state was insufficient to establish by clear and convincing evidence that appellant is "likely to engage in the future in one or more sexually oriented offenses." Clear and convincing evidence is greater than a preponderance, but less than beyond a reasonable doubt as required in a criminal case. It is evidence sufficient to produce in the mind of the factfinder a firm belief or conviction as to the facts to be established. Jordan, 2003-Ohio-3428, ¶ 17.
 {¶ 44} Pursuant to R.C. 2950.09(A), a person who has pled guilty to a sexually oriented offense may be classified as a sexual predator only if, after considering the factors set forth in R.C. 2950.09(B)(3), the trial court finds by clear and convincing evidence that "[t]he person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). The factors to be considered in making this determination are set forth in R.C. 2950.09(B)(3) as follows:
 {¶ 45} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 46} "(a) The offender's or delinquent child's age;
 {¶ 47} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 48} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 49} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 50} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 51} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 52} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 53} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 54} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 55} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 56} In this case, with the consent and agreement of appellant, the prosecutor offered the following statement to support a finding that appellant was a sexual predator:
 {¶ 57} "Your Honor, the State first of all sets forth the factor that the victim of this offense was 14 years old. We would further set forth that there were threats and coercion used to accomplish the offenses, and there were also clearly indicated threats against the victim following the offense in another effect to have further sexual contact with the child. We would further set forth in the record that the defendant orchestrated this meeting with the alleged victim following a number of conversations over the Internet through chat rooms, in which he engaged in grooming behavior designed to culminate in sexual activity with the child.
 {¶ 58} "We would further set forth that the defendant has acknowledged to investigators who interviewed him in the State of Maryland during the execution of a search warrant in this case to having secured child pornography in effect. In fact, there is a discrepancy between his admission to the investigation and the statement to the probation department, inasmuch, as I believe he told the investigator he got some of the material on line, and that is not consistent with the statement to the probation that he got that stuff from a friend from Russia.
 {¶ 59} "However, he does acknowledge that he engaged in downloading and securing, keeping, possessing and securing child pornography involving minors. He takes a moment to explain that he also looked at pornographic material involving homosexual activity involving adult[s]. As if that would mitigate in some fashion but again he does acknowledge that he did again obtain and review and maintain and retain child pornography involving minors, I believe, for approximately one year prior to the incident in question.
 {¶ 60} "* * * I would ask the Court to also note under the catch all provisions of the sexual predator statute as ascertained for the Court in weighing the factors necessary, that the defendant is extremely minimizing the victim blaming in his account of these offenses, that would certainly give the State — we would urge the Court to find he, therefore, is not amendable to available treatment alternatives for sexual offenders, given that he characterizes this 14-year-old boy as not only consenting but actually aggressive — well, you get the idea from the pre-sentence report that he's entirely blaming the child for this activity. So we think under all those circumstances, the Court has criteria before it in which it can find the defendant has been convicted of a sexual oriented offense, is most likely to commit future crimes and should therefore be classified as a sexual predator."
 {¶ 61} We find that the trial court could find by clear and convincing evidence that appellant was "likely to engage in the future in one or more sexually oriented offenses." Appellant was 44 years old at the time of the offense and the victim was only 14 years of age. Appellant groomed the victim during a number of Internet chats in order to orchestrate a meeting with the victim to culminate in sexual activity. Several months after the initial incident, appellant threatened the victim that he would disclose their prior sexual encounter to the victim's family and friends if the victim refused to have sex with appellant again. Additionally, for over a year, appellant retained discs of homosexual acts involving children. Furthermore, during his pre-sentence interview, appellant entirely blamed the victim for initiating both the meeting and the sexual activity engaged in during that meeting, and expressed anger toward the victim for his role in the encounter, claiming that appellant would not have engaged in sexual activity with the victim but for the victim's persistence. Based on the foregoing statement of the prosecutor, to which appellant agreed, and appellant's own statements, we find that there was sufficient evidence for the trial court to find that appellant was a sexual predator, as defined by R.C. 2950.01(E)(1). We therefore find appellant's third assignment of error not well-taken.
 {¶ 62} In his fourth assignment of error, appellant argues that the trial court erred when it ordered appellant to pay "costs." Appellant asserts that the judgment entry ordering appellant to pay "costs" was ambiguous by failing to inform appellant what costs he was expected to pay. Appellant also asserts that the trial court failed to inquire as to appellant's present or future ability to pay such costs. Insofar as appellant had been found to be indigent on two separate occasions, appellant argues that the trial court's order violates Ohio statutory law and denies him his right to due process.
 {¶ 63} The state responds that the trial court did not impose financial sanctions, pursuant to R.C. 2929.18, but only ordered appellant to pay the costs of prosecution, ursuant to R.C. 2947.23. As such, the state argues that the trial court was not required to determine appellant's ability to pay. We agree.
 {¶ 64} In its December 16, 2003, judgment entry, the trial court sentenced appellant to two years imprisonment, gave him credit for time served, and ordered him "to pay the costs." On December 17, 2003, the trial court ordered the Wood County Sheriff to turn over appellant's personal property to satisfy the costs appellant was ordered to pay by the trial court, to wit, "the sum of 0.00, dollars, being the amount of the fine, and the sum of $773.91, dollars, the costs of prosecution."
 {¶ 65} Appellant was not ordered to pay any fine or restitution, pursuant to R.C. 2929.18, or otherwise; rather, appellant was solely ordered to pay the "costs of prosecution." R.C. 2947.23 mandates that "in all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." This court has previously determined that "[t]he trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay such costs." State v.Hartsell, 6th Dist. Nos. L-03-1039 and L-03-1040, 2004-Ohio-1331, ¶ 7, citing, State v. Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069, ¶ 32; and State v. Scott, 6th Dist. No. L-01-1337, 2003-Ohio-1868, ¶ 7. Accordingly, we find appellant's fourth assignment of error not well-taken.
 {¶ 66} On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.