DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Sandusky County Court of Common Pleas, which accepted appellant Stephen Mason's guilty pleas and sentenced him to consecutive terms of incarceration. Appellate counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 738. Because we find that no arguable issue for appeal exists, we affirm the decision of the trial court and grant the attorney's motion to withdraw.
 {¶ 2} On April 8, 2004, appellant pleaded guilty to one count of trafficking in cocaine, a fifth degree felony, and one count of possessing cocaine, a fourth degree felony. These two charges arose in separate cases, but appellant entered into a plea agreement for the two cases together. The trafficking charge arose while the possession charge was still pending. The trial court sentenced appellant to a 17-month prison term on the possession count and an 11-month prison term on the trafficking count, and he ordered that the two counts be served consecutively.
 {¶ 3} The United States Supreme Court in Anders laid out the procedure to protect a criminal defendant's rights to "substantial equality and fair process" on appeal. According to the court, if, after thorough review of the record, appellate counsel finds the appeal to be wholly frivolous, appellate counsel may so inform the court and request to withdraw from representation. Anders, 386 U.S. at 744. However, such a request must be accompanied by a brief outlining anything in the record that might "arguably support the appeal." A copy of this brief must be furnished to the defendant, and time must be allowed for the defendant to raise any arguments he has to support the appeal. The appellate court must then undertake its own examination of the record to determine if the appeal is wholly frivolous. If the appellate court so finds, it may "grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." If, however, the appellate court in its examination finds an arguable issue for appeal, it must, before rendering a decision, afford the defendant assistance of counsel for the appeal. Id.
 {¶ 4} In this case, appellant sets out the following potential assignment of error:
 {¶ 5} "The Trial Court erred to the prejudice of the Appellant/Defendant by sentencing him to serve twenty-eight (28) months consecutively."
 {¶ 6} Appellant's potential assignment of error addresses both the consecutive nature of the sentence and the trial court's decision to impose a prison term instead of community control. We shall address the consecutive nature of the sentences first.
 {¶ 7} An appellate court's choices upon review of a sentence are set out in R.C. 2953.08(G)(2). That section provides:
 {¶ 8} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 11} "(b) That the sentence is otherwise contrary to law."
 {¶ 12} R.C. 2929.14(E)(4), which governs consecutive sentencing, provides:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offense were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses, so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} In addition, R.C. 2929.19(B)(2), which governs sentencing hearings, provides:
 {¶ 18} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 19} "* * *.
 {¶ 20} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 21} The Ohio Supreme Court has interpreted these sections to mean that a court ordering consecutive sentences must, at the sentencing hearing, make the findings required by R.C. 2929.14 and give its reasons for the findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20. The court in Comer explained,
 {¶ 22} "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
 {¶ 23} In this case, the trial court made the following remarks when sentencing appellant to consecutive sentences:
 {¶ 24} "Well, I note that in May of 2002 you were convicted of driving under suspension. January 3, you were convicted of fleeing and eluding. March of '04 you were convicted of driving under suspension. Those — That record, as well as your prior prison sentence, Mr. Mason, leads this court to make a finding that the presumption for Community Control for a Fourth and Fifth Degree Felony has been overcome.
 {¶ 25} "And based upon the — The Court also notes that, in addition to the two charges to which you entered a Guilty plea by virtue of your resolving these cases, that information, sworn information in a Search Warrant which was issued back in mid-March of this year, which was — That's what caused law enforcement to go to your motel room, which resulted in the Possession charge. That it was stated that you had been selling drugs from that location. Now there may or may not be pending charges on that. The Plea Agreement was that if there were they would not be pursued. But all of that indicates to the Court that almost immediately from your release from PRC supervision, and even before, you were violating the law. While you were on PRC you had two different occasions when you were found guilty of new criminal offenses and spent time in jail. Yet, apparently, they did not revoke your PRC.
 {¶ 26} "* * *.
 {¶ 27} "Defendant's sentence is as follows:
 {¶ 28} "On the 04CR309 case, which is a Fifth Degree Felony, a charge of Possession, the Defendant is sentenced to eleven months in prison.[1]
 {¶ 29} "On the 03CR415 case, which is the Fourth Degree Felony, and that is Possession — 03CR415 is Possession of Cocaine. That is a Felony Four. On that the Defendant is charged with seventeen months — or sentenced to seventeen months.
 {¶ 30} "And the Court finds that, based upon the Defendant's continual record of violating the law, that these sentences should be served consecutively, that is, one after the other. For the reason that it is necessary to protect the public from future criminal activity from the Defendant, and that a single sentence would not be appropriate under these circumstances. And that the combined sentence of 28 months is not inappropriate for the Defendant's criminal activities."
 {¶ 31} The court, therefore, found that consecutive prison terms were "necessary to protect the public" and not "disproportionate to the seriousness" of appellant's conduct. See R.C. 2929.14(E)(4). The court was then required to make one of the findings in R.C. 2929.14(E)(4)(a)-(c). Here, the court found that appellant's "criminal history demonstrates that consecutive sentences are necessary to protect the public * * *." The trial court also supplied its reason for these findings: appellant's "continual record of violating the law." Thus, we find that the trial court made the appropriate findings for ordering consecutive sentences and appropriately set out the reasons for its findings.
 {¶ 32} Appellant also challenges the trial court's decision to order prison terms for the offenses instead of community control. For the fourth degree possession of cocaine offense, R.C. 2925.11(C)(4)(b) provides that there is a presumption in favor of a prison term. R.C. 2929.13(D) provides:
 {¶ 33} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 34} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 35} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 36} According to this provision, a prison term is deemed necessary unless the court makes the additional findings in R.C. 2929.13(D)(1) and (2). The trial court did not make these findings. Therefore, a prison term for this offense is presumed necessary to comply with the principles and purposes of felony sentencing, and the trial court did not err in so sentencing appellant.
 {¶ 37} For the fifth degree trafficking in cocaine offense, R.C.2925.03(C)(4)(A) provides that R.C. 2929.13 applies in determining whether or not to impose a prison term. R.C. 2929.13 provides that a trial court may elect either a prison term or a community control sanction for fourth and fifth degree felonies. That section provides:
 {¶ 38} "(B) (1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 39} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 40} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 41} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 42} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 43} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 44} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 45} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 46} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 47} "(i) The offender committed the offense while in possession of a firearm.
 {¶ 48} "(2) (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 49} In this case, the trial court made the finding under (g) that appellant previously served a prison term. The court also noted appellant's pattern of committing additional crimes immediately after, and even before, being released from post-release control for another offense. Essentially, then, the court found that appellant was not amenable to community control. (In its sentencing judgment entry, the trial court stated, "Defendant is not amenable to community control * * *.") Therefore, according to R.C. 2929.13(B)(2), the trial court properly elected a prison term as a sanction for the fifth degree felony. The potential assignment of error is found not well-taken.
 {¶ 50} Upon the court's independent review of the record, we find no other arguable issues for appeal. We therefore grant appellate counsel's request to withdraw.
 {¶ 51} Upon due consideration, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. Concur.
[1] The trial court misspoke. The fifth degree felony was trafficking in cocaine, as the trial court noted correctly at the beginning of the sentencing hearing.