DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after a jury found defendant-appellant, David Robinson, guilty of possession of crack cocaine, a felony of the fourth degree, and aggravated possession of drugs, a felony of the second degree. For the reasons that follow we affirm in part and reverse in part the trial court's judgment.
 {¶ 2} Appellant sets forth the following assignments of error from his conviction and sentence:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The defendant-appellant was denied the effective assistance of counsel at trial, in violation of his Sixth Amendment rights."
 {¶ 5} "Second Assignment of Error
 {¶ 6} "Defendant-appellant's sentences should be reversed as the trial court failed to comply with the mandates of Revised Code § 2919.14
[sic]."
 {¶ 7} "Third Assignment of Error
 {¶ 8} "The trial court erred when it found the defendant-appellant had the ability to ordered [sic] the defendant-appellant to pay the cost of prosecution, supervision, incarceration, costs, and attorney fees."
 {¶ 9} On January 13, 2003, appellant was indicted on charges of possession of crack cocaine, aggravated possession of drugs, and aggravated trafficking in drugs. The indictment resulted from a narcotics investigation conducted by the Drug Enforcement Agency Task Force on or about October 25, 2002, at 5383 Lewis Avenue, in Toledo, Lucas County, Ohio. The task force agents were responding to a phone call from a resident of the trailer park regarding suspected drug activity at lot 152. The agents arrived at the suspect lot and observed two cars pull up, one being driven by appellant.
 {¶ 10} During the course of the investigation, appellant voluntarily provided his driver's license to Special Agent Roger Rettig. The record clerk found a warrant for appellant's arrest, and appellant was placed under arrest. Pursuant to the arrest a search was conducted of his person. The search revealed one plastic bag containing crack cocaine, a schedule II controlled substance, and one bag containing 3, 4 methylenedioxyamphitamine hydrochloride, a drug similar to ecstasy and a schedule I controlled substance.
 {¶ 11} Appellant initially retained private counsel. Subsequently, however, the trial court granted counsel's motion for leave to withdraw, and on March 28, 2003, attorney Thomas Tomczak was appointed as counsel on behalf of appellant. Appellant later indicated he did not believe Tomczak was working in his best interest and asked the court to appoint another attorney to represent him. When the court refused his request, appellant stated that he would represent himself. On April 23, 2003, the trial court found appellant competent to represent himself, but ordered Tomczak to remain as advisory counsel. Thereafter, Tomczak filed a motion to suppress on behalf of appellant.
 {¶ 12} On June 3, 2003, a hearing was scheduled to proceed on the motion to suppress. At the hearing, however, appellant expressed his belief that he had been "cloned" by the federal government. Accordingly, the court referred appellant to the Court Diagnostic and Treatment Center to determine his competence to stand trial.
 {¶ 13} On July 8, 2003, a hearing was held to determine appellant's competence to stand trial pursuant to R.C. 2945.37 and 2945.38. Appellant was represented by Tomczak. Based on a report from the Court Diagnostic and Treatment Center, the court found appellant incompetent to stand trial, but restorable within one year. The court then referred appellant for treatment. On September 9, 2003, the lower court recalled the matter for a hearing on appellant's competence to stand trial. The court found appellant competent to stand trial based on a report from Northcoast Behavioral Healthcare System, and reset the case for trial.
 {¶ 14} On September 30, 2003, the matter proceeded to trial. Initially, the court again addressed the issue of appellant's self-representation. After the court fully informed him of the risks of self-representation, appellant indicated that he still wished to proceed as his own counsel with Tomczak acting as advisory counsel. The court then heard the matter of the motion to suppress. After denying that motion, the case proceeded to trial, at the conclusion of which the jury found appellant guilty of Count 1, possession of crack cocaine, a violation of R.C. 2925.11(C)(4)(b), a felony of the fourth degree, and Count 2, aggravated possession of drugs, a violation of R.C. 2925.11(C)(1)(c), a felony of the second degree. The trial court entered a nolle prosequi as to Count 3 of the indictment, aggravated trafficking of drugs.
 {¶ 15} Appellant was sentenced to serve a term of twelve months on the possession of crack cocaine conviction and a term of five years on the aggravated possession of drugs conviction, those sentences to be served concurrently. This appeal followed.
 {¶ 16} In his first assignment of error, appellant asserts that he was denied the effective assistance of counsel in the proceedings below. Specifically, appellant argues that trial counsel failed to recognize appellant's mental illness and erred by not requesting a second evaluation of appellant's competency. Although appellant acted as his own counsel during the motion to suppress hearing and trial below, prior to the court's determination at the motion to suppress hearing that appellant could represent himself, attorney Tomczak was acting as appellant's counsel.
 {¶ 17} The right to counsel established by the Sixth Amendment to the United States Constitution is the right to the effective assistance of counsel. McMann v. Richardson (1970), 397 U.S. 759. A properly licensed attorney is presumed competent, and appellant has the burden to prove counsel's ineffectiveness. State v. Bulgakov, 6th Dist. No. WD-03-096,2005-Ohio-1675, at ¶ 20, citing State v. Lytle (1976), 48 Ohio St.2d 391. To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington (1984), 466 U.S. 668, 686. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Id. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153. The appellant also must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Michel v. Louisiana (1955), 350 U.S. 91; Strickland, supra.
 {¶ 18} The competency of a defendant is presumed. The presumption is rebutted only when a preponderance of the evidence shows that due to his present mental condition, the defendant was unable to understand the nature of the proceedings against him and could not assist in his defense. R.C. 2945.37(G); State v. Swift (1993), 86 Ohio App.3d 407,411. "A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." State v. Bock (1986), 28 Ohio St.3d 108, 110. Therefore, a defendant's emotional or mental instability alone does not establish incompetence.
 {¶ 19} Furthermore, it has been held that where there is no indication that a second examination would reveal a different conclusion, a defendant is hard-pressed to establish ineffective assistance of counsel for failing to request a second exam. State v. Womack, 6th Dist. No. L-04-1092, 2005-Ohio-2689, at ¶ 21, citing In re Anderson, 5th Dist. No. 2001AP030021, 2002-Ohio-776. It has also been held that stipulating to a competency report and failing to request an additional report can fall with the wide range of reasonable professional assistance. Id. citing In re Gooch, 2d Dist. No. 19339, 2002-Ohio-6859, ¶ 29-31.
 {¶ 20} The report provided by the evaluating psychologist after the second competency evaluation revealed that, although appellant may have some unusual and delusional beliefs, he demonstrated a good understanding of the trial process and of the seriousness of the charges against him. Appellant's statements while discussing a possible plea agreement in chambers prior to trial illustrate his comprehension of the matter.
 {¶ 21} "THE COURT: Okay. I wanted to make sure you understood the differences because tomorrow or whatever the end of the trial is if you're convicted, you're subjecting yourself to a lot more time.
 {¶ 22} "MR. ROBINSON: That's all right. I know I'm going to beat it on appeal.
 {¶ 23} "MR. TOMCZAK: So you understand if you got seven or eight months to go if you took the deal. The point being is that it's going to take that long to perfect an appeal through the Appellate Court.
 {¶ 24} "MR. ROBINSON: It will probably take longer.
 {¶ 25} "MR. TOMCZAK: I wanted to make sure you understood it.
 {¶ 26} "MR. ROBINSON: I'll have a federal lawsuit. I've already discussed this with other attorneys. They're waiting on my conviction.
 {¶ 27} "THE COURT: Well, I'm not suggesting that's good advice or bad advice or if it takes another year for this to be resolved by the Court of Appeals.
 {¶ 28} "MR. ROBINSON: I'll end up doing more time. I'm not looking at the time anymore. This has cost me basically everything that I own. Time is not of relevance to me because I already know I'll beat these cases. It doesn't make a difference.
 {¶ 29} "THE COURT: That's good. I hope you do.
 {¶ 30} "MR. ROBINSON: I know I will. There's no — I mean the only way that I would take a deal if I was offered probation and that's not being offered to me. I'll take it to trial.
 {¶ 31} "THE COURT: Okay."
 {¶ 32} While appellant's actions and comments throughout the proceeding suggest he may have been mentally disturbed, nothing in the record signifies he did not understand the nature of the proceedings and charges against him. Accordingly, appellant's trial counsel was not ineffective for failing to request a second competency examination.
 {¶ 33} Appellant also argues his trial counsel was ineffective for failing to investigate whether appellant met the statutory requirements for the insanity defense. R.C. 2901.01(A)(14) states "[a] person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." The results of the psychological evaluations and appellant's own testimony during his cross-examination demonstrate it was reasonable for counsel to believe that an investigation of the insanity defense would be futile. During that cross-examination, appellant testified as follows:
 {¶ 34} "Q: When you were arrested, you had crack and ecstasy in your pockets?
 {¶ 35} "A: When I was searched after these warrants were ran.
 {¶ 36} "Q: You had ecstasy?
 {¶ 37} "A: That's not ecstasy.
 {¶ 38} "Q: The MDA and the crack was in your inside coat pocket, correct?
 {¶ 39} "A: Yes, that's correct.
 {¶ 40} "Q: You knew it was in there, didn't you?
 {¶ 41} "A: I knew it was in there."
 {¶ 42} Based on the foregoing, we find appellant failed to meet the burden of establishing that he was denied the effective assistance of counsel in the trial below. Appellant's first assignment of error is not well-taken.
 {¶ 43} In his second assignment of error, appellant argues that his sentence was contrary to law because the sentencing judge imposed more than the minimum sentences on both counts, but failed to make the required findings.
 {¶ 44} At the outset, we note that a defendant who is convicted of a felony may appeal a prison sentence that was imposed on the ground that the sentence is contrary to law. R.C. 2953.08(A)(4). In reviewing such a sentence, the appellate court may increase, reduce or otherwise modify the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 45} Appellant was convicted of a fourth degree felony drug offense and a second degree felony drug offense. As to these offenses, R.C. 2929.13(D) provides:
 {¶ 46} "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 47} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recividism outweigh the applicable factors under that section indicating a greater likelihood of recividism.
 {¶ 48} "(2) A community control sanction or combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 49} Accordingly, for a second degree felony offense and for a fourth degree felony drug offense, a prison term is deemed necessary unless the court makes the findings specified in R.C. 2929.13(D)(1) and (2). State v. Mason, 6th Dist. Nos. S-040-11 and S-04-012, 2005-Ohio-1884, at ¶ 36. In the present case, the trial court did not make those findings and so prison terms for each of those offenses are presumed necessary to comply with the principles and purposes of felony sentencing.
 {¶ 50} In addition, R.C. 2929.14(B) provides the findings that the trial court must make to impose a sentence greater than the minimum:
 {¶ 51} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 52} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 53} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 54} For the fourth degree felony drug offense conviction, possession of crack cocaine, the court could sentence appellant to a prison term of 6 to 18 months. R.C. 2929.14(A)(4). For the second degree felony offense conviction, aggravated possession of drugs, the court was required to sentence appellant to a prison term of two to eight years. R.C. 2929.14(A)(2). That is, R.C. 2925.11(C)(1)(c) provides a mandatory prison term for second degree aggravated possession of drugs when the amount of the drug involved equals or exceeds 5 times the bulk amount but is less than 50 times the bulk amount.
 {¶ 55} At the sentencing hearing, the trial court began by giving both appellant and counsel an opportunity to address the court, and stating that it considered the principles and purposes of sentencing set forth in R.C. 2929.11. The court noted further that appellant was previously convicted of aggravated vehicular assault in 1999, and served a prison term for that offense. Accordingly, the court considered the necessary factors and made the requisite finding for imposing terms in excess of the minimum as required by R.C. 2929.14(B). Appellant's second assignment of error is not well-taken.
 {¶ 56} In his third assignment of error, appellant argues that the trial court's order finding him to reasonably have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution and ordering appellant to reimburse the state of Ohio and Lucas County for such costs is contrary to law. Appellant further asserts that the trial court made no inquiry of his present or future ability to pay. The rules governing the imposition of costs, fees, and sanctions are not uniform; various sections of the Ohio Revised Code govern each type of charge. For this reason, we must address each item individually.
 {¶ 57} R.C. 2951.021(B) allows a court to impose the costs of supervision on a felony offender when he is placed under a community control sanction and under the control and supervision of a probation agency. Appellant was not placed under a community control sanction. Therefore, this section does not apply, and the court's reference to costs of supervision was clearly erroneous.
 {¶ 58} Costs of confinement in a state institution may be imposed upon an offender pursuant to R.C. 2929.18(C)(1). State v. Cash, 6th Dist. No. L-03-1198, 2005-Ohio-1382, at ¶ 17. R.C. 2929.19(B)(6) provides:
 {¶ 59} "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.25 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 60} R.C. 2941.51(D) requires that fees and expenses of appointed counsel are to be charged to the county. It also provides:
 {¶ 61} "However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."
 {¶ 62} R.C. 2947.23 mandates the costs of prosecution shall be imposed on the offender and included in the sentence in all criminal cases. The trial court is not required to hold a hearing or determine the offender's ability to pay before imposing such costs. Bulgakov, supra at ¶ 65. The court has discretion to waive the costs of prosecution if the offender is indigent, but is not required to do so. State v. White (2004),103 Ohio St.3d 580. Thus, the court may assess the costs of prosecution to an indigent defendant. Id.
 {¶ 63} In the proceedings below, the court assessed the above costs to appellant with no inquiry into his present or future ability to pay. It did not address the issue at the sentencing hearing and only referenced the imposition of costs in the judgment entry. It follows that the court did not make the required findings of R.C. 2929.19(B)(6) and 2941.51(D) for the reimbursement of the costs of confinement and appointed counsel. The court did, however, have the authority to impose the costs of prosecution on appellant regardless of whether or not he was indigent. Therefore, the court did not err in imposing those costs. Accordingly, appellant's third assignment of error is well-taken in part and not well-taken in part.
 {¶ 64} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial. The judgment of conviction and sentence, however, is affirmed in part and reversed in part. The trial court's judgment ordering appellant to pay the costs of supervision, confinement and assigned counsel is vacated. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Arlene Singer, P.J., Concur.