[Cite as *State v. Acosta*, 2016-Ohio-7528.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos.  L-16-1017
                                                                       L-16-1018
          Appellee                                                     L-16-1084

v.                                               Trial Court No. CR0200302562
                                                                 CR0200501681

Angelo Acosta

          Appellant                              **DECISION AND JUDGMENT**

                                                 Decided:  October 28, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Angelo Acosta, pro se.

* * * * *

**SINGER, J.**

{¶ 1} This accelerated consolidated appeal comes from a judgment of the Lucas

County Court of Common Pleas.  For the reasons that follow, we reverse, in part, and

affirm, in part.

## Factual Background

{¶ 2} In October 2003, appellant Angelo Acosta pled no contest to burglary, a second-degree felony, and was sentenced to three years incarceration in case No. CR0200302562. After being released and while under community control, he was arrested in March 2005.

{¶ 3} In December 2005, in case No. CR0200501681, appellant pled guilty to a first-degree felony for possession of crack-cocaine in violation of R.C. 2925.11, a third-degree felony for having weapons under disability in violation of R.C. 2923.13, and a fourth-degree felony for carrying a concealed weapon in violation of R.C. 2923.12.

{¶ 4} In March 2006, the trial court sentenced appellant to "8 years with total jail credit of 598 days" for the three convictions in case No. CR0200501681 and a community control violation in case No. CR0200302562. The convictions of case No. CR0200501681 carried a four-year mandatory term of imprisonment for the possession charge, two years for the weapons under disability charge, and one year for the carrying a concealed weapon charge. The community control violation of case No. CR0200302562 carried an additional two years.

{¶ 5} The weapons under disability and concealed-carry sentences were ordered to be served concurrently and consecutively to the mandatory four-year sentence for possession. Further, the two-year sentence for the community control violation of case No. CR0200302562 was ordered to be served consecutively to the three sentences in case

2.

No. CR0200501681. Appellant's costs were waived at the sentencing hearing. However, at the 2006 hearing and in its judgment entry, the trial court failed to notify appellant of his postrelease control.

{¶ 6} Pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, in July 2010, the trial court held a de novo hearing to correct the lack of postrelease control notice. Appellant asserts he was confused at the hearing about whether it was in fact de novo. At the outset, the trial court said it was not de novo. The court clarified that the hearing was de novo. Because of the confusion, appellant claims he did not request to allocute or waive costs.

{¶ 7} In its journal entry, the trial court imposed court costs and financial sanctions despite not imposing them in 2006 and without addressing them in open court at the 2010 hearing. The trial court also did not make factual-findings required by R.C. 2929.14(C)(4), at the hearing or in its entry, before re-imposing consecutive sentences.

{¶ 8} The trial court imposed five years mandatory postrelease control for the possession charge, three years discretionary postrelease control on each of the weapons charges, and three years mandatory postrelease control for the burglary charge. The sentence was journalized July 9, 2010. Appellant failed to timely appeal the judgment.

{¶ 9} Appellant was released from prison after serving his prison term. While under his postrelease control, he was again arrested. In July 2014, appellant was sentenced to 1,215 days for violating his postrelease control.

3.

{¶ 10} On November 5, 2015, appellant moved the trial court for relief of the costs imposed during his July 2010 hearing. On November 24, 2015, he moved to be relieved of the July 2010 sentence completely. On January 8, 2016, the trial court denied both motions. Appellant appealed the judgment and filed an amended brief in March 2016.

{¶ 11} On April 6, 2016, appellant moved the trial court to vacate postrelease control. On April 11, 2016, the trial court denied the motion without considering the state's response, which actually supported appellant's discharge. Appellant appealed this judgment and filed his brief in May 2016. All issues were consolidated for purposes of this appeal.

## Assignments of Error

{¶ 12} Appellant sets forth the following assignments of error:

**I.** Trial court was not authorized to impose mandatory five years of post-release control to appellants (sic) count 1: possession of crack cocaine offense at appellants (sic) de novo hearing on July 6th, 2010.

**II.** Appellant's re-sentencing was contrary to law and is therefore legally void.

## Assignment of Error No. I

{¶ 13} In the first assignment of error, appellant argues the trial court had no jurisdiction to impose postrelease control on the possession charge because he had served

4.

his prison term prior to being resentenced. Appellee does not address this argument on appeal.

{¶ 14} "The authority to vacate a void judgment constitutes an inherent power possessed by the Ohio courts." *See State v. Larkins*, 6th Dist. Huron No. H-10-010, 2011-Ohio-2573, ¶ 7, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. "After an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing." *Larkins* at ¶ 9.

{¶ 15} "Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19. "It is irrelevant whether the defendant is still in prison for other offenses." *Id*.

{¶ 16} Here, appellant was sentenced to four years mandatory incarceration for his possession charge in March 2006. This portion of the sentence was complete at the time appellant was resentenced in July 2010. The trial court was without authority to resentence appellant with respect to the possession count and that portion of his postrelease control is void. The trial court still had authority to resentence appellant and impose postrelease control on the remaining charges.

5.

{¶ 17} Accordingly, appellant's first assignment of error is well-taken.

## Assignment of Error No. II

{¶ 18} Appellant's second assignment of error will be addressed as three separate arguments.

### 1) Meaningful Opportunity for Allocution

{¶ 19} First, appellant argues the trial court erred in not giving him an opportunity to make allocution. Appellee contends this argument is moot because appellant is entitled to resentencing and will have an opportunity to address the court at that time.

{¶ 20} "Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *State v. Campbell*, 90 Ohio St.3d 320, 323, 738 N.E.2d 1178 (2000).

{¶ 21} Here, the trial court asked whether either appellant or his counsel had any statements prior to resentencing. Both declined to offer any. Appellant claims confusion as to whether the hearing was de novo caused him to decline making a statement. However, this does not negate the fact he had opportunity to either address the court on his "own behalf or present any information in mitigation of [his] punishment." *See* Crim.R. 32(A)(1).

{¶ 22} Accordingly, this argument is not well-taken.

6.

**Consecutive Sentencing**

{¶ 23} Second, appellant argues the 2010 sentence was contrary to law because the trial court failed to make necessary factual-findings before imposing consecutive sentences. Appellee concedes this point and recommends appellant be resentenced.

{¶ 24} R.C. 2929.14(C)(4)(2011), previously codified under R.C. 2929.14(E)(4)(1995), sets forth judicial fact-finding which must be engaged in by the trial court prior to imposing consecutive sentences. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. Sentences imposed between February 2006 and October 2011 did not, however, have to comply with this statute. *See State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470 (declaring required judicial fact-finding unconstitutional).

{¶ 25} It was not until H.B. 86 took effect in October 2011 that judicial fact-finding was again mandated. *See*, *e.g.*, *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 29 ("H.B. 86 did not take effect until September 30, 2011, and therefore did not apply to Smith who was sentenced on August 2, 2011.").

{¶ 26} Here, appellant was sentenced in July 2010 and the court was not required to make judicial findings prior to imposing consecutive sentences.

{¶ 27} Accordingly, this argument is not well-taken.

7.

## Imposition of Costs and Financial Sanctions

{¶ 28} Third, appellant argues the trial court erred in imposing financial sanctions and court costs at his 2010 hearing. Appellee concedes this but argues appellant should have to pay the cost of prosecution and can ask for waiver of the other costs and sanctions when resentenced.

{¶ 29} "The rules governing the imposition of costs, fees, and sanctions are not uniform; various sections of the Ohio Revised Code govern each type of charge." *State v. Robinson*, 6th Dist. Lucas No. L-03-1307, 2005-Ohio-5266, ¶ 56. A trial court may assess court costs, fines, and financial sanctions after considering the offender's present and future ability to pay. *See State v. Wilson*, 6th Dist. Lucas No. L-08-1380, 2010-Ohio-2247, ¶ 32. At sentencing, the convicted must be notified of these costs and sanctions in open court and in the judgment entry. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22.

{¶ 30} However, failure to properly address "court costs" does not render the sentence void, but rather voidable. *Id.*

{¶ 31} Without a timely appeal, only void aspects of a sentence can be challenged because "[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." *State v. Fischer*, 128 Ohio St. 3d 92, 2010 Ohio 6238, 942 N.E.2d 332, ¶ 17.

8.

{¶ 32} Here, appellant was not properly notified of costs and sanctions in open court but failed to timely appeal his 2010 sentence.

{¶ 33} Consequently, since appellant failed to file a direct appeal from the July 2010 judgment, his challenge to the imposition of costs of supervision, assigned counsel, prosecution, and those pursuant to R.C. 9.92(C) and 2951.021 is barred by res judicata.

{¶ 34} Accordingly, appellant's second assignment of error is not well-taken.

### Conclusion

{¶ 35} The judgments of the Lucas County Court of Common Pleas are reversed, in part, and affirmed, in part. The five-year term of postrelease control for the possession conviction in case No. CR0200501681 is vacated. All other aspects of the July 9, 2010 sentence are affirmed. The April 6, 2016 judgment denying appellant's motion to vacate the five-year term of postrelease control is reversed. The January 8, 2016 judgment of the trial court is affirmed. The costs of this appeal are assessed to the parties equally pursuant to App.R. 24.

Judgments reversed, in part,
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE